UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATHY LAFRANCE | CIVIL ACTION |
| VERSUS | NO. 09-1894 |
| UNITED FIRE & CASUALTY CO., ET AL. | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is the Motion for Summary Judgment filed by Defendant Lafayette Insurance Company (Rec. Doc. 9). For the reasons stated herein, **IT IS ORDERED** that the motion is **DENIED**. This ruling is without prejudice, however, to Defendant's right to file a second, properly supported, motion for summary judgment. Prior to that, however, the Court recommends to counsel and the parties that they promptly seek the assistance of the assigned magistrate judge, or a private mediator, in an attempt to achieve final and complete resolution of this dispute.[1]

Defendant's motion asks this Court to rule that Plaintiff's claims arising out of Hurricane Katrina damage to her New Orleans property have been fully compromised by accord and satisfaction. Specifically, Defendant argues that Plaintiff's counsel's July 29, 2008 negotiation of a check made payable in 2007 to the Bruno and Bruno law firm, and Plaintiff's October 3, 2008

---

[1] Should Defendant Lafayette Insurance Company decide to renew its request for summary judgment, the parties are instructed to submit *clear* copies of the negotiated checks. To the extent that this cannot be accomplished through electronic filing, counsel are to manually submit the appropriate documentation.

negotiation of a check made payable in 2008 to her and her mortgage company, effected a complete and final settlement of the aforementioned claims.[2] On this basis, Defendant seeks dismissal of Plaintiff's claims alleged in this lawsuit.

The Court questions why Plaintiff and her counsel would simply negotiate checks bearing *any* "settlement" notation on their fronts without confirming the scope of any compromise.[3] This is particularly true when the total of the two checks is significantly less than the amount requested by Plaintiff's counsel's March 14, 2006 letter, but equals the total amount set forth in the proposed "Settlement Agreement and Partial Release" that apparently accompanied the two checks issued in 2007.[4] Indeed, the 2007 check payable to Bruno and Bruno appears to have "Full and Final Settlement of Claim" on its face. Unfortunately, however, Plaintiff's rather confusing memoranda do very little to clarify matters.[5]

Under these circumstances, it seems that the affidavits of Plaintiff and Plaintiff's counsel would be appropriate and informative submissions. Neither, however, has been provided. Rather, Plaintiff has submitted only the affidavit of Philip Lee, Plaintiff's counsel's hurricane damage consultant, which provides very little helpful information.[6] Indeed, paragraphs 10 and 11 are unacceptably vague and, despite Mr. Lee's attestation, concern facts seemingly not within Mr. Lee's personal knowledge. And, to the extent that the contrary actually is true, evidence of that fact is not

---

[2] *See* Exhibits C & E to Defendant's motion (Rec. Doc. 9-5).

[3] *See* Exhibit C to Defendant's motion (Rec. Doc. 9-5).

[4] *See* Exhibit 1 to Plaintiff's opposition (Rec. Doc. 12-2); Exhibit D to Defendant's motion (Rec. Doc. 9-5).

[5] *See* Rec. Docs. 12 and 18.

[6] *See* Exhibit 2 to Plaintiff's opposition (Rec. Doc. 12-3).

set forth in the parties' summary judgment materials. Nor has Plaintiff provided any correspondence between counsel, and/or between Plaintiff and her counsel, regarding the checks in question, including the 2008 re-issuance of the check payable to Plaintiff, the unsigned "Settlement Agreement and Partial Release," and/or the terms and scope of any settlement.

Regrettably, Defendant's submissions likewise do not adequately alleviate all of the Court's concerns. Defense counsel similarly has not provided an explanatory affidavit. Nor has Defendant provided any correspondence regarding the three settlement checks that were issued or, significantly, the proposed "Settlement Agreement and Partial Release." Such correspondence arguably would be informative of the parties' objective intent relative to the negotiated checks and the status of Plaintiff's claims. Further, none of Defendant's memoranda expressly inform the Court that the transmitted settlement agreement actually was never signed by the parties or counsel. Rather, the Court discovered this omission during its own perusal of the exhibits to Defendant's motion.

The Court also has been offered no explanation of the "Payment Detail Inquiry" that is Exhibit "B" to Defendant's motion. Defendant likewise has not provided a copy of the original check issued in 2007 to Plaintiff and her mortgage company. Finally, although the 2007 check paid to Plaintiff's counsel has "Full and Final Settlement of Claim" on its face, the 2008 check negotiated by Plaintiff and her mortgage company has only the verbiage "Settlement Check" on its front.

As stated herein, the Court finds that unexplained gaps exist in the parties' summary judgment presentation of the series of events culminating in the filing of Defendant's motion. Accordingly, though Defendant very well may be correct regarding the impact of Plaintiff's and her counsel's negotiation of Defendant's checks, the Court, on the showing made, presently is not

3

comfortable making this determination, on a summary basis and as a matter of law, under Rule 56 of the Federal Rules of Civil Procedure. Thus, for the foregoing reasons, **IT IS ORDERED** that Defendant's summary judgment is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 5th day of March 2010.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE